37 P.(2d) 238

## STATE v. WHITENER.
### No. 4011.

Supreme Court of New Mexico.

Oct. 23, 1934.

Wesley Quinn, of Clovis, for appellant.

E. K. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

SADLER, Justice.

In the month of December, 1933, Cash Ramey and Joe Wilkinson were engaged in the grain and feed business at Clovis, N. M. On the night of December 21st, in said year, there disappeared from one of several box cars being used by them for the storage of grain a quantity of threshed kaffir corn estimated at between 2,000 and 2,500 pounds. On the following morning, December 22d, the defendant, Dan Whitener, and one Robert Anthony sold 1,140 pounds of threshed kaffir corn to one J. M. Bernard, a grain buyer at Clovis, for the sum of $6.40.

Whitener and Anthony were informed against, charged with larceny of the grain, and, upon conviction, were sentenced, each to a term in the state penitentiary. Whitener prosecutes this appeal, relying upon three points for reversal, viz., (1) the failure to sustain defendant's motion to strike certain testimony; (2) that no corpus delicti was established; and (3) that the verdict of the jury is without substantial evidence to support it.

■ The ground of the motion to strike was that the testimony was hearsay. Aside from the fact that objection was not made to its reception at the time, a careful reading of the whole of the testimony of the witness, Bernard, satisfies us that he was speaking from his own personal knowledge when he testified to the loss of the grain at the time in question.

Nor do we find merit in the contention that the corpus delicti of the crime charged was not established.

■ The assignment that the verdict is without substantial evidence to support it requires a statement of the facts in addition to what appears hereinbefore. As stated above, the threshed kaffir corn was taken on the night of December 21st. It was in one of several abandoned railway box cars which had been purchased by the owners of the grain and were being used for the storage thereof. Entry was made to the box car by the breaking of a "hasp." Grain was found strewn along the ground where it had been carried and loaded into some vehicle standing on the opposite side of a fence about 75 feet distant from the box car. The grain was white threshed kaffir corn. The common varieties of kaffir corn are of two colors, red and white.

About 9 o'clock on the morning following its disappearance, the defendant, Dan Whitener, and the said Robert Anthony appeared at the place of business of J. M. Bernard, a grain buyer in Clovis, driving a small Model T Ford with truck body in which was loaded 11 sacks of white threshed kaffir corn of the same kind and appearance as that which had disappeared from the box car of Ramey and Wilkinson the night before.

Whitener and Anthony, who were young men, in response to a question by Bernard as to where they were from replied they were from "South of town." Actually, both resided in Clovis and neither was engaged in farming.

Imprints of automobile tires appeared alongside the fence at the point to which the grain had been carried from the box car, and also the tracks of two men were found about the scene of the larceny. Deputy Sheriff Bell made a careful examination of these tire marks and tracks and testified as follows:

"Q. Now then, what attracted your attention, if anything, as to those imprints on the ground? A. Well, first it showed that the two rear casings was not balanced, seemed like they were larger casings, and the front casings were high pressure, didn't make as big an imprint on the ground. And the left front casing made a good imprint, as though it was new, and the right front casing was not as new, was worn more than the other, didn't make as plain an imprint on the ground. And the rear casings with smooth, looked like made a smooth tread.

"Q. Well now, did you satisfy yourself at the time, Mr. Bell, if you saw a casing that made those tracks you could identify it, from what you saw on the ground? A. Yes, sir, I did."

Deputy Bell traced the tire marks back in the direction from which the car had travel-

ed for something like a quarter of a mile and testified it had come from the direction in which the defendant, Whitener, lived.

While both were in jail and about thirty days following the larceny, the witness, Deputy Sheriff Bell, located the truck belonging to Dan Whitener at the home of his co-defendant Robert Anthony. The sides to the truck body had been removed. He described the tires as follows:

"It had two smooth casings on the back wheels, balanced, and two high-pressure casings in front, and one was practically new, and the other was worn; I would say half worn."

He further gave it as his opinion that the tires on the car he examined at the residence of Robert Anthony would make such imprints as those found by him at and about the scene of the larceny.

While defendant, Whitener, was in jail, he was asked pointedly where he had gotten the grain sold by him and Anthony to the witness Bernard. He remained silent refusing to answer the question.

The evidence connecting the defendant with the larceny is wholly circumstantial. As in all such cases, the presence of clearer proof would have been desirable. Nevertheless, we are unable to pronounce it unsubstantial in support of the conviction which the jury, based upon it. It would have been error for the trial court to have directed a verdict of acquittal as requested by the defendant. The judgment of the trial court is therefore affirmed and it is so ordered.

WATSON, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.